UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ALDOUPHUS GUICE,

     Plaintiff,

v.                                CASE NO. 8:20-cv-117-T-23JSS

POZIN ENTERPRISES, INC.,

     Defendant.

_____/


**<u>ORDER</u>**

     Aldouphus Guice sues (Doc. 39) Pozin Enterprises, Inc., for employment discrimination.  Moving to dismiss (Doc. 42) Counts III and IX of the second amended complaint, Pozin argues that Guice fails to exhaust his administrative remedy for both his retaliation claim under Title VII and his retaliation claim under the FCRA.  According to Pozin, Guice "asserts a new theory of retaliation" even though Guice "altogether failed to include this retaliation theory in his actual EEOC Charge of Discrimination."  (Doc. 42 at 6)

     Guice responds (Doc. 51) and argues that he exhausted his administrative remedy under both Title VII and the FCRA (1) because Guice marked the "retaliation" box on his EEOC charge, (2) because Guice's charge "specifically alleged that he was discharged from the company . . . after he complained," and

(3) because Guice's retaliation claims "grew out of" the EEOC charge.  (Doc. 51 at 6, 8–9)

To exhaust administrative remedies under Title VII and the FCRA,[1] a plaintiff must first "file a charge."  42 U.S.C. § 2000e–5(e); *see also Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (discussing the filing requirements); *Carter v. Health Mgmt. Assocs.*, 989 So. 2d 1258, 1264 (Fla. 2d DCA 2008) ("At a minimum, some employee must file a charge with the EEOC (or the FCHR) . . . for the conduct to come under the participation clause.") (*quoting EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000)).  A "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination . . . "[2]  *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (*quoting Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983).

However, even though "allegations of new acts of discrimination are inappropriate[,] . . . the scope of an EEOC complaint should not be strictly interpreted," and a plaintiff can bring a claim if the claim amplifies or clarifies an allegation in the EEOC complaint. *Gregory*, 355 F.3d at 1279–80.  For example, in

---

[1] "Florida courts follow federal case law when examining FCRA retaliation claims." *Palm Beach Cty. Sch. Bd. v. Wright*, 217 So. 3d 163, 165 (Fla. 4th DCA 2017). Accordingly, this analysis principally cites federal law.

[2] "The purpose of the filing requirement is to insure that the settlement of grievances be first attempted through the office of the EEOC." *Wu v. Thomas*, 863 F.2d 1543, 1548 (11th Cir. 1989).

*Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277 (11th Cir. 2004), the plaintiff mentioned only race and sex discrimination in her EEOC charge and failed to check the box for "retaliation."  Nonetheless, the plaintiff's charge encompassed a claim for retaliation because the facts alleged in the plaintiff's EEOC charge "could have reasonably been extended to" a retaliation claim and "were inextricably intertwined with her complaints of race and sex discrimination."  *Gregory*, 355 F.3d at 1280. Thus, determining the scope of Guice's allegations requires a consideration of whether the "facts alleged in [his] EEOC charge could have reasonably been extended to encompass a claim" for retaliation.  *Gregory*, 355 F.3d at 1280.

Guice marked the "retaliation" box on the EEOC charge.  (Doc. 42-1 at 1) Further, a retaliation claim finds expression in the EEOC charge, which includes an allegation that Guice's "discharge occurred after [he] complained, in writing, to the Company's Lawyer and HR Department that [he] was being discriminated against."[3] And even Pozin's own "position statement" to the EEOC — which requires no consideration at the motion to dismiss stage — explains that "Guice . . . alleges that

---

[3] Section 704(a) prohibits an employer's discriminating against an employee for a retaliatory purpose and contains two different clauses that protect two similar (but distinct) types of activity. The "participation clause" in Section 704(a) protects an employee who "participated in any manner in an investigation, proceeding, or hearing"; the "opposition clause," on the other hand, extends protection to an employee who "has opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e–3(a). Complaining about, and refusing to comply with, an employer's unlawful conduct can constitute "protected activity" within the meaning of the opposition clause. *See, e.g., Valentin-Almeyda v. Municipality of Aguadilla*, 447 F.3d 85, 94 (1st Cir. 2006) (explaining that under the opposition clause, "protected conduct includes . . . complaining to one's supervisors"). Thus, even if Guice participated in no investigation (or the like), the "opposition clause," which provides broader protection, is potentially applicable to his conduct.

- 3 -

he was discriminated against on the basis of his race and . . . retaliated against on the basis of his race and purported filing of an EEOC complaint."  (Doc. 42-2 at 1)

Thus, like the plaintiff's charge in *Gregory*, Guice's charge included enough facts to reasonably apprise the EEOC that he sought an investigation into retaliation. And at the very least, Guice's charge includes allegations that enable his second amended complaint to encompass a retaliation claim that "grow[s] out of the charge of discrimination."  *Gregory*, 355 F.3d at 1280.  The defendant's motion (Doc. 42) to dismiss Count III and Count IX is **DENIED**.

ORDERED in Tampa, Florida, on February 17, 2021.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 4 -