UNTED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmd.uscourt.gov

ALDOUPHUS GUICE

    Plaintiff,                            Case No. 8:20-cv-00117-SMD-JSS

vs.

POZIN ENTERPRISES, INC.
d/b/a Sun-Glo Plating Co.

    Defendant.
_____/

**ASSIGNEE'S MOTION FOR LIMITED INTERVENTION**
**AND REQUEST FOR STATUS CONFERENCE HEARING**

        LARRY HYMAN **("Assignee" or "Hyman")**, by and through his undersigned counsel, hereby files this Motion for Limited Intervention and Request for Status Conference Hearing **("Motion")** and moves the Court pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure for leave to intervene as of right. In the alternative, Assignee seeks leave to intervene by permission. The grounds supporting Assignee's Motion are as follows:

**Background**

        1.      On January 21, 2021 (**"ABC Petition Date"**), Larry Hyman, as Assignee, filed a Petition initiating an Assignment for the Benefit of Creditors of Defendant, Pozin Enterprises, Inc. (**"Assignor"**), pursuant to Florida Statute §727.104(2)(b) **("ABC").**

        2.      The ABC case is pending in the Sixth Judicial Circuit Court in and for Pinellas County, Florida (**"State Court"**). The case number is 21-000348-CI.

        3.      The ABC process which is filed in the Circuit Court is a state law insolvency procedure authorized by Fla. Stat. § 727.

4. The Assignee acts in many ways similar to a chapter 7 trustee in a chapter 7 bankruptcy case pursuant to §§ 727.108(a)(1) through (13).

5. Part of the Assignee's duties include, but are not limited to, the examination of the validity of all claims against the estate pursuant to § 727.108(a)(10).

6. Prior to filing the ABC, Assignor was in the business of metal plating.

7. At the time the ABC Petition was filed, Assignor had already sold the majority of its assets and Assignor possessed no marketable leasehold interest. The Assignor had ceased operations prior to the filing of the ABC.

8. At the time of the filing of the ABC, the Assignor's principal asset as listed on the schedules consisted of certain equipment (all of which were fully encumbered by liens in the opinion of the Assignee) and cash on deposit in the amount of $282,473.31 as of the date of the ABC Petition. The current cash balance is $289,911.02. At the time of the filing of the ABC Petition, there were no unencumbered assets to administer in the ABC case and the ABC estate appears to be administratively insolvent.

9. In the ABC case, the State Court recently determined that the assets available to the creditors of the ABC case are of little, or no value based on the secured claims asserted against the remaining assets which consist of the deposited funds. Based on the Assignor's investigation and the filed claims with the ABC, the Assignee requested a minimum bond in the amount of $25,000. A copy of the Order Granting Assignee's Motion for Approval of Bond is attached hereto as Exhibit "A" and by reference incorporated herein.

## Claims in the ABC Case

10. The bar date for filing claims **("Bar Date")** was set for May 21, 2021. Claims to date equal:

      a.      Total Secured Claims: $1,441,016.49. Most of the secured claims relate to specific equipment. During the ABC case, equipment has been abandoned or surrendered by the Assignee because there was little or no equity in the equipment.

           i.      Cindy Adair **("Adair")** filed Claim No. 7 in the secured amount of $264,566.68 plus interest accruing after November 19, 2020, and a supplemental claim on May 21, 2021, in the amount of $119,348.73. Adair acquired the secured claim of Bank of Tampa and asserts a lien on all the funds on deposit.

      b.      Unsecured: $10,429,597.83 (The largest unsecured creditor is Claim No. 6 filed by Plaintiff, Aldouphus Guice **("Guice"),** in the amount of $9,900,000.00. Guice's claim is unliquidated and disputed.

      c.      There was a pending priority tax clam held by the Pinellas County Tax Collector (**"Tax Collector Claim"**), but the Tax Collector Claim was paid in full by Cindy Adair, who is now subrogated to the Tax Collector's Claim.

## Assignee Seeks Limited Intervention

11.    Intervention is governed by Federal Rule of Civil Procedure 24. Intervention may be allowed either as a matter of right under Rule 24(a) or permissively under Rule 24(b).

12.    "A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Once a party establishes all of the prerequisites to intervention as a matter of right, "the trial court has no discretion to deny the intervention." *Loyd v. Ala. Dep't of Corrections*, 176 F.3d

1336, 1340–41 (11th Cir.1999); see also *Purcell v. Bankatlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir.1996). Moreover, "[a]ny doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *Fed. Savings and Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir.1993).

13. The Assignee asserts that each of the four (4) conditions for intervention as of right have been met. First, the Motion to Intervene is timely given the Unopposed Motion for Extension of Time to file Response/Reply and complete discovery (Doc. No. 62) which was timely filed prior to the expiration of the deadline in the Order granting Motion for Extension of Time; Extending each Deadline in the Action by Ninety Days (Doc. No. 60). Second, the Assignee has an interest in this litigation given the fact that Guice has filed a claim in the ABC case and part of the duties of an Assignee is to evaluate and process claims. Third, the risk of disparate rulings by this Court and the State Court is a waste of judicial resources, and the Assignee seeks to protect the ABC estate's interest in the ABC case. Fourth, the Assignee's interest is not adequately represented since Assignor has no counsel of record actively litigating this case.

14. Fed.R.Civ.P. 24(b) specifically vests the court with broad discretion in deciding whether to allow permissive intervention. *See* 6 James Wm. Moore, *Moore's Federal Practice* § 24.10[1], at 24-57 (3d ed.2004).

15. If the Court determines that Assignee's claims do not give rise to an intervention of right, it should permit the intervention pursuant to Rule 24(b).

16. Moreover, no undue delay will be caused by Assignee's intervention, and none of the original parties' substantial rights will be prejudiced by the granting of this Motion. Indeed, if intervention is denied, Guice and Pozin would be prejudiced in having to address substantially the

same subject matter in a separate action.

17. No affirmative relief is sought against Guice. However, given the pending ABC case this case as well as another case filed by Guice pending in the state court, Assignee requests a status conference pursuant to Rule 16 of the Federal Rules of Civil Procedure.

18. A copy of the Objection to Guice's Claim is attached hereto as Exhibit "B" and by reference incorporated herein.

WHEREFORE, Assignee respectfully requests this Honorable Court to enter an Order scheduling a status conference hearing, allowing Assignee to intervene on a limited basis pursuant to Fed.R.Civ.P. 24, that the court set a status conference and for such other and further relief as is just.

## Certificate of Service

I HEREBY CERTIFY that on July 2, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will deliver an electronic copy of the same to all attorneys of record.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ Alberto F. Gomez, Jr.
Alberto "Al" F. Gomez, Jr. (FBN: 784486)
401 E. Jackson Street, Suite 3100
Tampa, FL  33602
Telephone:    813-225-2500
Facsimile:     813-223-7118
Email: Al@jpfirm.com
Attorneys for Assignee, Larry S. Hyman