UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALDOUPHUS GUICE,

    Plaintiff,

v.                                                                                          Case No: 8:20-cv-117-SDM-JSS

POZIN ENTERPRISES, INC.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Non-party Aaron Kukla's Objection, Motion to Quash and Motion for Protective Order Pertaining to the *Duces Tecum* Request in Plaintiff's Subpoena to Take Deposition ("Motion") (Dkt. 74), Plaintiff's Response in Opposition (Dkt. 77), and Defendant's Joinder in Non-Party Objection (Dkt. 81). On December 16, 2021, the Court held a hearing on the Motion. Upon consideration, and for the reasons stated at the hearing, it is **ORDERED**:

1. Non-party Aaron Kukla's Objection, Motion to Quash and Motion for Protective Order Pertaining to the *Duces Tecum* Request in Plaintiff's Subpoena to Take Deposition (Dkt. 74) is **GRANTED** to the extent that Plaintiff's request for "all records, memorandum, notes, correspondence, and/or other documents of any kind that are in your control or custody that (1) [relate] to the claims set [forth] by Plaintiff against Defendants and/or (2) relates to Plaintiff's employment with Defendant POZIN ENTERPRISES, INC." is vague, overly broad, not confined to the claims asserted in the

Complaint, and would subject Mr. Kukla to undue burden. *See* Fed. R. Civ. P. 26(b)(2)(c); Fed. R. Civ. P. 45(d)(3)(A); *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case.").

2. As agreed upon at the hearing, the parties, including non-party Aaron Kukla, shall continue to meet and confer concerning any future request for discovery.

3. Moreover, as the parties agreed, to the extent Plaintiff renews its request for discovery from non-party Aaron Kukla, Plaintiff shall bear the burden of paying reasonable costs incurred by non-party Aaron Kukla or any other entity that may be associated with identifying and producing such discovery. *See In re Photochromic Lens Antitrust Litig.*, No. 8:10-md-2173-T-27EAJ, 2012 WL 12904391, *2 (M.D. Fla. Dec. 20, 2012) (noting that "Rule 45 requires a court to 'protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.'") (quoting Fed. R. Civ. P. 45(c)(2)(B)(ii)).

**DONE** and **ORDERED** in Tampa, Florida, on December 20, 2021.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Counsel for Non-Party Aaron Kukla